■ JOSEPH GRILLO et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [625 NYS2d 293] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated March 5, 1993, which, upon a jury verdict finding it 80% at fault in the happening of the accident, is in favor of the plaintiffs and against it in the principal sum of $1,051,920.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

At the close of the evidence, counsel for the defendant moved to dismiss the complaint on the ground that the plaintiffs had failed, as a matter of law, to establish that it had had notice of the icy condition on which the plaintiff had fallen. The Supreme Court denied the motion. We reverse.

Even when viewed in the light most favorable to the plaintiff, the evidence presented at trial fails to establish a prima facie case of negligence. It is well-settled that a property owner may not be held liable for snowy or icy conditions unless it has actual notice of the condition or it has had a reasonably sufficient time from the cessation of the precipitation to remedy the conditions caused by it *(Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Bernstein v City of New York,* 69 NY2d 1020).

While the plaintiffs presented evidence that there was a patch of ice outside of the subway station where the injured plaintiff fell, there was no testimony introduced at trial that the defendant had been given notice of this icy condition. Moreover, no evidence was introduced at trial about the origin of the patch of ice on which the plaintiff had slipped and fallen and whether the defendant had had sufficient time to remedy the condition (see, Simmons v Metropolitan Life Ins. Co., supra; Wells v Golub Corp., 182 AD2d 927, 928; Torani v First United Methodist Church, 163 AD2d 641, 642). The testimony that it had snowed nine days before the injured plaintiff fell is insufficient to establish notice because no evidence was introduced that the icy condition was the result of that particular snowstorm (see, Simmons v Metropolitan Life Ins. Co., supra; Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; cf., Batiancela v Staten Is. Mall, 189 AD2d 743; Kane v Human Servs. Ctr., 186 AD2d 539, 540). Under these circumstances, the plaintiffs' complaint must be dismissed. Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.