■ RICKY DAVIS, Respondent, v CITY OF NEW YORK et al., Appellants. [679 NYS2d 423] —In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated October 27, 1997, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it,

and the defendants Rothschild Associates and Alan Rothschild separately appeal, as limited by their brief, from so much of the same order as denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion and cross motion are granted, and the complaint and all cross claims are dismissed.

At 7:30 A.M. on March 5, 1994, the plaintiff fell on a public sidewalk in front of 90-36 149th Street in Jamaica, Queens. According to the plaintiff, he had been caused to slip by a 5-foot by 3-foot sheet of ice on the pavement, notwithstanding the fact that the last snowfall in the area had occurred on March 2, 1994, and that the temperature had been warm—as high as 40 degrees or more—over the intervening 24- to 48-hour period. The plaintiff got up and walked across the street, where he fell again. This time the plaintiff could not get up, and, upon being taken to Mary Immaculate Hospital by ambulance, was diagnosed with a rupture of both quadricep tendons.

The plaintiff sued the City and the adjoining property owners to recover damages for negligence in failing to keep the public sidewalk clear of ice and snow in the area of his first fall. Upon the completion of discovery, both the defendants Rothschild Associates and Alan Rothschild moved, and the defendant City of New York cross-moved, *inter alia*, for summary judgment, arguing, among other things, that there had been no showing that they had any notice of the alleged icy condition. The motions should have been granted because the record does not reveal any triable issue of fact as to the required element of notice (*see, Silver v Brodsky,* 112 AD2d 213, 214).

Even if the plaintiff's first fall was a "proximate cause" of his injuries, an issue by no means free from doubt, the plaintiff failed to demonstrate that either the adjoining property owners or the City had actual or constructive notice of the icy condition complained of, or that they had in any fashion created said condition (*see, e.g., Kane v Human Servs. Ctr.,* 186 AD2d 539; *see also, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972, 973; *Otero v City of New York,* 248 AD2d 689; *Grillo v New York City Tr. Auth.,* 214 AD2d 648, 649; *McGuire v City of New York,* 24 AD2d 496, 497, *affd* 18 NY2d 880). There is no evidence in the record establishing how the alleged sheet of ice had formed, whether it was "unusual or dangerous", or how long it had existed (*Gonzalez v City of New York,* 148 AD2d 668, 670; *Hamill v City of New York,* 78 AD2d 792, *affd* 52 NY2d 1045). The plaintiff's efforts to trace the ice condition to

a snowstorm on March 2, 1994, are unavailing, because in the intervening days there was a documented thaw, with temperatures above 30 and 40 degrees, and no further significant precipitation (*see, e.g., Simmons v Metropolitan Life Ins. Co., supra; Grillo v New York City Tr. Auth., supra*). Moreover, the plaintiff's conjecture that one or both defendants might have caused the condition by negligent snow removal is pure speculation, unsupported by any evidence. The motions are granted, and the complaint is dismissed (*see, Johnson v Grand Union Co.,* 158 AD2d 517). Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.