■ ANNA PEPITO, Respondent, v CITY OF NEW YORK, Respondent, and SECOND COLUMBIA CONDOMINIUM ASSOCIATION et al., Appellants. [692 NYS2d 691] —In an action to recover damages for personal injuries, the defendants Second Columbia Condominium Association and Leonardi Properties Management Corp. appeal, as limited by their brief, from so much of

an order of the Supreme Court, Kings County (Schneier, J.), dated November 20, 1998, as denied their cross motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the cross motion is granted, the complaint and the cross claim insofar as asserted against the appellants are dismissed, and the action against the remaining defendant is severed.

The plaintiff was allegedly injured when she slipped and fell on ice in front of premises owned by the defendant Second Columbia Condominium Association and managed by the defendant Leonardi Properties Management Corp. (hereinafter the appellants). She subsequently commenced this action against the appellants and the City of New York (hereinafter the City). The Supreme Court erred in denying the appellants' cross motion for summary judgment.

A property owner may not be held liable for a snow or ice condition unless it had actual notice, or in the exercise of due care, should have had notice of the condition, and had a reasonably sufficient time after the conclusion of the snowfall or temperature fluctuation to remedy the situation caused by the elements (*see, Bertman v Board of Mgrs.*, 233 AD2d 283). Assuming that the incident occurred on the appellants' property rather than on the public sidewalk, a matter which remains in issue, the appellants met their initial burden of establishing that they did not have actual or constructive notice of the alleged icy condition (*see, DeMasi v Radbro Realty*, 261 AD2d 354). In opposition, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact. There is no evidence of actual notice, nor is there evidence that the ice was apparent and visible for a sufficient length of time to permit the appellants to remedy the condition. Consequently, the appellants are entitled to summary judgment (*see, Goodwin v Knolls at Stony Brook Homeowners Assn.*, 251 AD2d 451; *Herbst v Nevele Country Club*, 251 AD2d 864; *Paolucci v Wood Gate Homeowners Assn.*, 238 AD2d 855).

Under the circumstances of this case, we decline to grant the City's request that we search the record and grant summary judgment in its favor. Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.