■ LYNN-ANN GUSTAVSSON, Appellant, v COUNTY OF WESTCHESTER, Respondent. [693 NYS2d 241] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered August 20, 1998, as granted the defendant's motion for summary judgment dismissing the complaint and denied that branch of her cross motion which was for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the plaintiff that the defendant failed to establish its entitlement to summary judgment based on its contention that it had not received prior written notice of any alleged defective condition as required by Westchester County Code § 780.01. The defendant did not meet its initial burden of presenting evidence of the absence of such notice. Therefore, the defendant's motion should not have been granted on this ground, despite the insufficiency of the plaintiff's opposing papers (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Murphy v County of Westchester,* 228 AD2d 970).

However, the defendant did establish its entitlement to summary judgment on the ground that it did not have actual or

constructive notice of the icy condition which allegedly caused the plaintiff's fall (*see, Laster v Port Auth.,* 251 AD2d 204; *Urena v New York City Tr. Auth.,* 248 AD2d 377). The plaintiff's contention that the condition was created by negligent shoveling is based on speculation (*see, Davis v City of New York,* 255 AD2d 356). There was no evidence which would establish that the defendant had actual notice of the icy patch or that the condition existed for a sufficient length of time for the defendant to discover and remedy it (*see, Davis v City of New York, supra; Robles v City of New York,* 255 AD2d 305).

Finally, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment based on new facts and a new theory which had not been pleaded in the notice of claim, complaint, or bill of particulars (*see, Moscato v City of New York,* 183 AD2d 599; *cf., Deborah Intl. Beauty v Quality King Distribs.,* 175 AD2d 791), and the plaintiff could not rely on this new theory to defeat the defendant's motion for summary judgment (*see, Scanlon v Stuyvesant Plaza,* 195 AD2d 854; *Alvarez v Lindsay Park Hous. Corp.,* 175 AD2d 225). S. Miller, J. P., O'Brien, Friedmann and Florio, JJ., concur.