■ JOHN MCKEOWN et al., Respondents, v STANAN MANAGEMENT CORPORATION et al., Appellants. [710 NYS2d 633] —In an action to recover damages for personal injuries, etc., the defendants separately appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated December 15, 1998, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint and cross claims are dismissed.

An owner of real property may be liable for a hazardous snow or ice condition created on its property as a result of a storm or a temperature fluctuation only upon a showing that it had actual or constructive notice of the hazardous condition, and that a sufficient period of time had elapsed since the cessation of the storm or temperature fluctuation to remedy the condition (*see, Madden v Village of Tarrytown,* 266 AD2d 358; *Pepito v City of New York,* 262 AD2d 619). The plaintiffs failed to rebut the prima facie showing by the defendant Stanan Management Corporation (hereinafter Stanan) that it had no actual or constructive notice of the allegedly hazardous condition in its parking lot, and that it was not afforded a sufficient period of time to remedy that condition (*see, Zuckerman v City of New York,* 49 NY2d 557; *Pepito v City of New York, supra;* *Byrd v Church of Christ Uniting,* 192 AD2d 967). Therefore, Stanan was entitled to summary judgment (*see, Madden v Village of Tarrytown, supra*).

Moreover, the Supreme Court also erred in denying summary judgment dismissing the complaint and any cross claims insofar as asserted against the defendant JMF Landscaping Company (hereinafter JMF). JMF did not assume a duty to exercise reasonable care to the plaintiff by virtue of its snow removal contract with Stanan. Its limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace Stanan's duty as a landowner to maintain the property safely (*see, Oppenheim v One School St. Professional Corp.,* 263 AD2d 472; *Riekers v Gold Coast Plaza,* 255 AD2d 373; *Girardi v Bank of N. Y. Co.,* 249

AD2d 443; *Boskey v Gazza Props.,* 248 AD2d 344; *Autrino v Hausrath's Landscape Maintenance,* 231 AD2d 943; *Bourk v National Cleaning,* 174 AD2d 827). Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.