■ BARRY COHEN, Respondent, v CHASE MANHATTAN BANK, Sued Herein as CHEMICAL BANK, N. A., Defendant and Third-Party Plaintiff-Respondent. McGUIRE's SERVICE CORP., Third-Party Defendant-Appellant. [720 NYS2d 380] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Mason, J.), dated April 18, 2000, which denied that branch of the motion of the defendant third-party plaintiff which was for summary judgment dismissing the complaint and granted that branch of the same motion which was for summary judgment on the cause of action in the third-party complaint for contractual indemnification against it.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellant, that branch of the motion which was for summary judgment dismissing the complaint is granted, that branch of the motion which was for summary judgment on the cause of action in the third-party complaint for contractual indemnification is denied as academic, and the complaint and third-party complaint are dismissed.

The defendant made a prima facie showing that it neither created nor had actual or constructive notice of the ice patch that allegedly caused the plaintiff's fall (*see, Gustavsson v*

*County of Westchester,* 264 AD2d 408; *Pepito v City of New York,* 262 AD2d 619). In response, the plaintiff failed to raise a triable issue of fact. The plaintiff's claim that the defendant had constructive notice of the ice patch was based upon speculation (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Davis v City of New York,* 255 AD2d 356; *Robles v City of New York,* 255 AD2d 305). Accordingly, the defendant was entitled to summary judgment as a matter of law. O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.