■ ROSE PENNY et al., Appellants, v PEMBROOK MANAGEMENT, INC., Respondent. [720 NYS2d 549] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), dated October 10, 1999, which, upon an order of the same court dated August 23, 1999, granting the defendant's motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the appeal by the plaintiff Guy Penny is dismissed, as he is not aggrieved by the judgment (*see,* CPLR 5511), having discontinued his action against the defendant; and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the appellant Rose Penny; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff Rose Penny allegedly sustained injuries when she slipped and fell on a patch of ice in the defendant's parking lot. "A property owner may not be held liable for a snow or ice condition unless it had actual notice, or in the exercise of due care, should have had notice of the condition, and had a reasonably sufficient time after the conclusion of the snowfall or temperature fluctuation to remedy the situation caused by the elements" (*Pepito v City of New York,* 262 AD2d 619, 620). The injured plaintiff and her daughter both testified that they did not see the patch of ice at any time before the accident, nor did they see any snow on the ground. Based on this evidence, any finding concerning when the ice patch developed could be based only on speculation (*see, Bertman v Board of Mgrs.,* 233 AD2d 283). Any finding, therefore, that the ice patch existed for a sufficient amount of time to have provided constructive notice

and a reasonably ample amount of time to remedy the condition can only be based upon speculation as well (*see, Bertman v Board of Mgrs., supra*). No proof was presented that the defendant caused or created the ice patch through incomplete snow removal efforts, apart from unsubstantiated hypotheses and suppositions by the plaintiffs' attorney, which are insufficient to defeat a motion for summary judgment (*see, Hoffman v Eastern Long Is. Transp. Enter.*, 266 AD2d 509). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.