■ MARY PALA, Respondent, v D. BRAF, LTD., Also Known as SPRAT's J. DINING ROOM, Appellant. [726 NYS2d 687] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Milano, J.), dated May 30, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In opposing the defendant's prima facie showing of entitlement to summary judgment, it was incumbent upon the plaintiff to come forward with evidence establishing that the defendant either created the allegedly dangerous condition or had actual or constructive notice of the condition (*see, Trabolse v Rizzo,* 275 AD2d 320; *Goodwin v Knolls at Stony Brook Homeowners Assn.,* 251 AD2d 451). The plaintiff testified during her examination before trial that she did not see the seven-to-eight inch ice patch on the private walkway in the rear of the defendant's restaurant when she first entered the premises 2½ hours before her accident; nor did she see it after she exited the restaurant before her fall, and there is no evidence that the ice patch was visible and apparent for a sufficient length of time to have permitted the defendant to remedy the condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Pepito v City of New York,* 262 AD2d 619; *DeMasi v Radbro Realty,* 261 AD2d 354; *Bertman v Board of Mgrs.,* 233 AD2d 283). Furthermore, the assertion that the ice patch existed from the time of a snowstorm two days before the date of the accident, and that the defendant's negligent shoveling created the ice upon which she slipped, is nothing more than speculation and conjecture (*see, Gustavsson v County of Westchester,* 264 AD2d 408; *Gittler v K.G.H. Realty Corp.,* 258 AD2d 504; *Davis v City of New York,* 255 AD2d 356, 358; *Goodwin v Knolls at Stony Brook Homeowners Assn., supra*). In addition, the plaintiff failed to rebut the defendant's prima facie showing that the rear exit was adequately lighted. Accordingly, the defendant's motion for summary judgment should have been granted. Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.