■ GINO DEVIVO et al., Appellants, v MICHAEL SPARAGO et al., Respondents. (And a Third-Party Action.) [731 NYS2d 501] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered August 28, 2000, which denied their motion for leave to enter judgment against the defendant Paul Guarino upon his failure to appear or answer, and (2) an order of the same court, entered February 9, 2001, which granted the motion of the defendants Michael Sparago, Jay H. Kalinsky, Theodore M. Beck, Wiji Ratnathtcan, and Cortlandt Medical Building Associates for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Gino DeVivo allegedly sustained injuries when he slipped and fell on a patch of ice in a parking lot owned by the defendants Michael Sparago, Jay H. Kalinsky, Theodore M. Beck, Wiji Ratnathtcan, and Cortlandt Medical Building Associates (hereinafter the Cortlandt Associates). A property owner may not be held liable for a snow or ice condition unless it had actual or constructive notice of the condition, and had a reasonably sufficient time after the conclusion of the snowfall or temperature fluctuation to remedy the situation caused by the elements (*see, Pepito v City of New York,* 262 AD2d 619). The Cortlandt Associates made a prima facie showing of entitlement to judgment as a matter of law by establishing that they did not create or have actual or constructive notice of the alleged hazardous condition (*see, Sellet v United Artists*

*Theaters,* 251 AD2d 488). The injured plaintiff and his son both testified that they did not see the patch of ice at any time before the accident, nor did they observe any snow on the parking lot and its adjacent premises. Based upon this evidence, any finding concerning when the patch of ice developed could be based only upon speculation (*see, Penny v Pembrook Mgt.,* 280 AD2d 590). Therefore, any finding that the patch of ice existed for a sufficient amount of time to have provided constructive notice and a reasonable time to remedy the condition could only be based on speculation as well (*see, Penny v Pembrook Mgt., supra,* at 590-591). Further, no proof was presented in opposition to the motion that the Cortlandt Associates caused or created the patch of ice through the incomplete removal efforts performed by their contractor, the defendant Paul Guarino, apart from the unsubstantiated hypotheses and suppositions of the plaintiffs' counsel, which were insufficient to defeat a motion for summary judgment (*see, Trainor v Dayton Seaside Assocs. No. 3,* 282 AD2d 524; *Penny v Pembrook Mgt., supra*). Therefore, the Supreme Court properly granted the Cortlandt Associates' motion for summary judgment.

In support of their motion for leave to enter a judgment against Guarino upon his default, the plaintiffs failed to proffer either an affidavit of the facts or a complaint verified by a party with personal knowledge of the facts as required by CPLR 3215 (f) (*see, Fiorino v Yung Poon Yung,* 281 AD2d 513; *Grainger v Wright,* 274 AD2d 549). Thus, the Supreme Court properly denied the motion. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.