■ RITA GAM et al., Appellants, v POMONA PROFESSIONAL CONDOMINIUM et al., Respondents. [737 NYS2d 113] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Sherwood, J.), dated September 6, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Rita Gam allegedly sustained injuries when she slipped and fell on a patch of ice on the sidewalk in front of the premises of the defendants. "[A] property owner may not be held liable for a snow or ice condition unless it had actual notice, or in the exercise of due care, should have had notice of the condition, and had a reasonably sufficient time after the conclusion of the snowfall or temperature fluctuation to remedy the situation caused by the elements" (*Pepito v City of New York,* 262 AD2d 619, 620; *see, DeVivo v Sparago,* 287 AD2d 535). The defendants made a prima facie showing of entitlement to judgment as a matter of law by establishing that they did not create or have actual or constructive notice of the alleged hazardous condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *DeVivo v Sparago, supra*). The injured plaintiff testified that she did not see the patch of ice on the sidewalk, or any icicles hanging from the roof, prior to the fall. Also, there is no evidence that the defendants or their employees were aware or should have been aware of the alleged hazardous condition. Based on this evidence, any finding concerning when the ice patch developed or that it may have formed as the result of icicles on the roof could be based only on speculation (*see, Penny v Pembrook Mgt.,* 280 AD2d 590). Moreover, the plaintiffs failed to raise an issue of fact as to whether the defendants had a reasonably sufficient time after the conclusion of the previous evening's snowfall and temperature fluctuation to remedy the situation caused by the elements (*see, Pepito v City of New York, supra*). Furthermore, the plaintiff merely speculated that the defendants may have created the icy condition by negligently shoveling the sidewalk where the injured plaintiff fell (*see, Trabolse v Rizzo,* 275 AD2d 320). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Smith, McGinity and Crane, JJ., concur.