■ SHARON TSIVITIS et al., Appellants, v SIVAN ASSOCIATES, LLC, Respondent. [741 NYS2d 545] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated December 4, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff alleged that upon exiting her car in a parking lot owned by the defendant, Sivan Associates, LLC (hereinafter Sivan), she slipped and fell on a patch of ice. She alleged that Sivan plowed snow into large mounds in the center of the parking lot and that the ice formed from a mound of snow in front of the injured plaintiff's car due to temperature fluctuations in the days preceding the accident. The Supreme Court granted Sivan's motion for summary judgment dismissing the complaint. We affirm.

In opposition to the defendant's prima facie showing that it was not negligent, the plaintiff failed to present evidence to establish the existence of a triable issue of fact (*see Grillo v New York City Tr. Auth.,* 214 AD2d 648). A property owner may not be held liable for snowy or icy conditions unless it had actual notice, or in the exercise of due care, should have had notice of the conditions, and had a reasonably sufficient time from the cessation of the precipitation to remedy the conditions caused

by it (*see Gam v Pomona Professional Condominium,* 291 AD2d 372). There was no evidence that Sivan had actual or constructive notice of the ice patch on which the plaintiff allegedly slipped or sufficient time to remedy the dangerous condition (*see Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972). The plaintiff's contention that Sivan caused the condition by negligent snow removal is unsupported by any evidence. Therefore, Sivan's motion for summary judgment dismissing the complaint was properly granted (*see Davis v City of New York,* 255 AD2d 356). Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.