■ DOROTHY RUTTO et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [748 NYS2d 172] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 17, 2001, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On February 4, 2000, the plaintiff Dorothy Rutto slipped and fell on a patch of ice on a paved walkway leading to the parking lot at Glen Island Park, which is operated by the defendants County of Westchester and Westchester County Department of Parks, Recreation and Conservation (hereinafter the County). The County made a pre-answer motion to dismiss the complaint on the grounds that (1) the notice of claim did not sufficiently identify the location of the accident (General Municipal Law § 50-e [2]), and (2) the action was barred by the absence of prior written notice of the condition in accordance with Westchester County Code § 780.01. The Supreme Court granted the motion on the ground that the notice of claim did not sufficiently identify the location of the accident.

In determining whether an action should be dismissed based upon the adequacy of the description of the location of the accident in the notice of claim, the court may review the testimony adduced at the General Municipal Law § 50-h hearing (see D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893). At that hearing, the plaintiff Michael Rutto testified that the plaintiff Dorothy Rutto fell approximately 30 yards from a stop sign governing traffic leaving the parking lot, which is near a traffic circle. We find that the evidence adduced at the 50-h hearing sufficiently identified the location of the accident (see e.g. Herrera v City of New York, 211 AD2d 759).

We nevertheless affirm the order dismissing the action based upon failure to comply with Westchester County Code § 780.01, which provides that "no civil action shall be maintained against the county * * * for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any road, street, highway, bridge, culvert, sidewalk or crosswalk, unless prior written notice thereof * * * was actually given to the Clerk of the Board of Legislators or Commissioner of Public Works." The County submitted proof that no

prior written notice of any icy condition on any of the paths located at Glen Island Park had been filed in an appropriate office prior to the date of the accident. The plaintiffs have neither pleaded, nor raised, any issue of fact with respect to compliance with this condition precedent (see *Katz v City of New York,* 87 NY2d 241; *Poirier v City of Schenectady,* 85 NY2d 310; *Gellos v Town of Hempstead,* 284 AD2d 370).

The plaintiffs' allegation that the County affirmatively created the alleged dangerous condition is unsupported by the record (see *Fiordalisi v Town of Huntington,* 275 AD2d 299). The plaintiffs' contention that the County's shoveling of snow in the area created or exacerbated the condition which caused the accident is mere speculation (see *Gam v Pomona Professional Condominium,* 291 AD2d 372; *DeVivo v Sparago,* 287 AD2d 535; *Pala v D. Braf Ltd.,* 284 AD2d 382; *Pross v Harborfields Pub. Lib.,* 283 AD2d 412; *Gibbs v Rochdale Vil.,* 282 AD2d 706; *Penny v Pembrook Mgt.,* 280 AD2d 590; *Gustavsson v County of Westchester,* 264 AD2d 408; *Gittler v K.G.H. Realty Corp.,* 258 AD2d 504; *Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486). The plaintiffs also have failed to indicate how pretrial discovery might lead to proof that the County created or exacerbated the condition (see *Gruska v City of New York,* 292 AD2d 498; *Hernandez v Yonkers Contr. Co.,* 292 AD2d 422; *Rodgers v Yale Univ.,* 283 AD2d 415).

We decline to reach any issue not preserved for appellate review. Altman, J.P., Goldstein, H. Miller and Rivera, JJ., concur.