■ LAURA T. CARRICATO et al., Appellants, v JEFFERSON VALLEY MALL LIMITED PARTNERSHIP, Respondent. (And a Third-Party Action.) [749 NYS2d 575] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (LaCava, J.), entered October 26, 2001, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Laura T. Carricato (hereinafter the plaintiff), was allegedly injured when, upon exiting the defendant's shopping mall and walking toward her parked car, she slipped and fell on a patch of black ice. The plaintiff testified at her deposition that she looked down before she slipped but the surface looked only wet. She did not see the ice before she fell. She described the ice as very thin and without color, and the spot where the ice had formed looked just like the asphalt underneath it.

The Supreme Court properly concluded that the defendant met its burden on its motion for summary judgment by showing that it did not create the allegedly dangerous condition which caused the plaintiff's fall, and did not have actual or constructive notice of such condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838; *Gustavsson v County of Westchester*, 264 AD2d 408). The plaintiffs' contention that the defendant created the condition by negligent snow removal was speculative, unsupported by evidence (*see Tsivitis v Sivan Assoc.*, 292 AD2d 594, 595; *Davis v*

*City of New York,* 255 AD2d 356, 358). Moreover, there was no proof to support the plaintiffs' claim that the defendant had constructive notice of the ice patch. The plaintiff's deposition established that the ice patch was not visible and apparent even to her as she stepped down on it (*see Smith v State of New York,* 260 AD2d 819, 820-821; *Golonka v Saratoga Teen & Recreation of Saratoga Springs,* 249 AD2d 854, 855-856; *see generally Tsivitis v Sivan Assoc., supra; Gam v Pomona Professional Condominium,* 291 AD2d 372). The defendant's general awareness that water can turn to ice is legally insufficient to constitute constructive notice of the particular condition that caused the plaintiff to fall (*see Gordon v American Museum of Natural History, supra* at 838; *Smith v Funnel Equities,* 282 AD2d 445, 446; *Smith v Smith,* 289 AD2d 919, 921). There being no triable issues of fact raised, the Supreme Court properly granted the defendant's motion for summary judgment. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.