■ ICELINE WILSON et al., Respondents, v JOSEPH PRAZZA et al., Appellants. [761 NYS2d 321] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 28, 2002, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Iceline Wilson allegedly sustained injuries when she slipped and fell while descending the front steps of the defendants' home in Brooklyn. She and her husband commenced this action, alleging, inter alia, that the defendants negligently maintained the premises by permitting the front steps and the sidewalk adjacent to their property to become excessively slippery and icy. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

The defendants made a prima facie showing that they did

not have actual or constructive notice of the ice on the steps upon which the injured plaintiff allegedly slipped, did not create the condition by salting and removing ice from the steps earlier in the day, and did not make the condition of the sidewalk more hazardous (*see Hsia v City of New York,* 295 AD2d 565 [2002]; *Plona v City of New York,* 289 AD2d 215 [2001]; *McKeown v Stanan Mgt. Corp.,* 274 AD2d 460 [2000]; *Pepito v City of New York,* 262 AD2d 619 [1999]). The plaintiffs' assertion in opposition that the defendants negligently performed the ice or snow removal, is nothing more than speculation and conjecture insufficient to defeat the defendants' motion, since the injured plaintiff herself did not notice any ice on the steps or sidewalk when she arrived at the defendants' house earlier in the morning, and the defendants testified that all the ice was cleared from the steps (*see Carricato v Jefferson Val. Mall Ltd. Partnership,* 299 AD2d 444 [2002]; *Tsivitis v Sivan Assoc.,* 292 AD2d 594 [2002]; *DeVivo v Sparago,* 287 AD2d 535 [2001]).

The affidavits of the injured plaintiff and the plaintiffs' expert submitted in opposition to the defendants' motion raised for the first time the issue that the accident was also caused by a defect in the height of the bottom step, which allegedly was shorter than the other steps, in violation of the Administrative Code of the City of New York. This is a feigned issue of fact insufficient to defeat the defendants' motion (*see Krohn v Melanson,* 298 AD2d 510 [2002]; *Marcelle v New York City Tr. Auth.,* 289 AD2d 459 [2001]; *Schmidt v Barstow Assoc.,* 276 AD2d 784 [2000]; *Gustavsson v County of Westchester,* 264 AD2d 408, 409 [1999]). Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.