■ Susan Dwulit et al., Appellants, v Kenneth Walters et al., Respondents. [800 NYS2d 413]—

In an action to recover damages for personal injuries, etc. the plaintiffs appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated March 12, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Susan Dwulit (hereinafter the plaintiff) was injured when she allegedly slipped and fell on a patch of ice and/or snow on the defendants' driveway while delivering a newspaper to the defendants' home at approximately 8:30 a.m. on Saturday, February 1, 2003. On the afternoon prior to the accident, the defendant Kenneth Walters (hereinafter the defendant) was shoveling a one-inch snowfall from his driveway and applying salt when the plaintiff came by to deliver the paper. At that time, neither the plaintiff nor the defendant noticed ice on the driveway, although the defendant allegedly warned the plaintiff to be careful. The next morning, when she came to the defendants' home to deliver the newspaper, the plaintiff did not notice any ice until after she fell.

The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We affirm.

The defendants made a prima facie showing that they were entitled to summary judgment. The defendants demonstrated that they did not have actual or constructive notice of the alleged icy condition because the defendant stated that he shov-

eled his driveway "as dry as [he could] get it" and then "salted everything on [his] property" the afternoon before the accident (*see Pepito v City of New York*, 262 AD2d 619 [1999]). Additionally, the plaintiff stated that she did not notice any ice as she arrived at the defendants' house on the morning of the accident or on the day before the accident (*see Penny v Pembrook Mgt.*, 280 AD2d 590 [2001]). The defendant also stated that he did not see any ice the day before.

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants had notice of, or created, the alleged dangerous condition (*see DeMasi v Radbro Realty*, 261 AD2d 354, 355 [1999]). The plaintiffs failed to present evidence indicating how long the alleged ice may have existed prior to the plaintiff's accident (*see DeVivo v Sparago*, 287 AD2d 535 [2001]) or the origin of the ice patch (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973 [1994]). The plaintiffs' suggestion that the defendant's efforts to remove the ice and snow may have created the condition was speculative and not based on any evidence in the record (*see Wilson v Prazza*, 306 AD2d 466, 467 [2003]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.