JAMES R. RONCONI et al., Respondents, v DENZEL ASSOCIATES, Defendant, and COLONIAL GARDENS OWNERS CORP., Appellant. [799 NYS2d 271]—

In an action to recover damages for personal injuries, etc., the defendant Colonial Gardens Owners Corp. appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated July 28, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Colonial Gardens Owners Corp., and the action against the remaining defendant is severed.

An owner of real property may be liable for a hazardous ice condition existing on its property as a result of a storm or temperature fluctuation only upon a showing that it had actual or

constructive notice of the hazardous condition, and that a sufficient period of time elapsed since the cessation of the storm or temperature fluctuation to remedy the condition (*see Russo v 40 Garden St. Partners*, 6 AD3d 420 [2004]; *Tsivitis v Sivan Assoc.*, 292 AD2d 594 [2002]; *Gam v Pomona Professional Condominium*, 291 AD2d 372 [2002]; *McKeown v Stanan Mgt. Corp.*, 274 AD2d 460 [2000]; *Grillo v New York City Tr. Auth.*, 214 AD2d 648 [1995]).

The defendant Colonial Gardens Owners Corp. (hereinafter Colonial Gardens) established its entitlement to judgment as a matter of law by demonstrating that it did not have actual or constructive notice of the allegedly dangerous ice condition on which the injured plaintiff fell (*see Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]; *Tsivitis v Sivan Assoc.*, *supra* at 595; *Gustavsson v County of Westchester*, 264 AD2d 408 [1999]).

In opposition, the plaintiffs failed to raise a triable issue of fact. There was no proof to support the plaintiffs' claim that Colonial Gardens had actual or constructive notice of the ice patch. The deposition testimony of the plaintiffs established that the ice patch was not visible and apparent to either of them even as they stepped down on it (*see Carricato v Jefferson Val. Mall Ltd. Partnership*, *supra* at 445; *Gam v Pomona Professional Condominium*, *supra*; *Smith v State of New York*, 260 AD2d 819, 820-821 [1999]; *Golonka v Saratoga Teen & Recreation of Saratoga Springs*, 249 AD2d 854, 855-856 [1998]). Moreover, there was no showing of the length of time the ice existed prior to the injured plaintiff's fall or that Colonial Gardens had sufficient time to remedy the condition after cessation of the precipitation (*see Russo v 40 Garden St. Partners*, *supra* at 421; *Tsivitis v Sivan Assoc.*, *supra* at 595; *Gustavsson v County of Westchester*, *supra*; *Davis v City of New York*, 255 AD2d 356, 357 [1998]). The deposition testimony of the plaintiffs and the climatological data submitted by both parties established that the precipitation that fell that day ceased only one to two hours before the injured plaintiff's fall. Finally, Colonial Gardens' general awareness that water can turn to ice was legally insufficient to constitute constructive notice of the particular condition that caused the injured plaintiff to fall (*see Carricato v Jefferson Val. Mall Ltd. Partnership*, *supra* at 445).

Accordingly, the Supreme Court erred in denying Colonial Gardens' motion for summary judgment dismissing the complaint insofar as asserted against it. Prudenti, P.J., Florio, Crane and Lifson, JJ., concur.