■ ILYA MAKARON, Appellant, v LUNA PARK HOUSING CORPORATION, Respondent. [809 NYS2d 520]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 9, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 21, 2003, at approximately 8:45 A.M., the plaintiff slipped and fell on what he described as black ice on a sidewalk outside the defendant's apartment complex. The plaintiff testified at his deposition that he did not see the ice until after his fall. He further testified that there had been no precipitation for two or three days before the accident.

The defendant made a prima facie showing that it neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall (*see Zabbia v Westwood, LLC,* 18 AD3d 542 [2005]; *Carricato v Jefferson Val. Mall Ltd. Partnership,* 299 AD2d 444 [2002]; *DeVivo v Sparago,* 287 AD2d 535 [2001]). In opposition to the defendant's motion for summary judgment, the plaintiff failed to raise a triable issue of fact (*see Murphy v 136 N. Blvd. Assoc.,* 304 AD2d 540 [2003]; *Tsivitis v Sivan Assoc.,* 292 AD2d 594 [2002]). The plaintiff's contention that shortly before his fall the defendant created the hazardous condition when its employees cleared snow from the sidewalk, leaving black ice exposed, was speculative. Even accepting the accuracy of the plaintiff's account that he saw the defendant's employees engaged in snow removal, the area where he fell was not where he observed the defendant's employees working. Moreover, the proof offered on the plaintiff's behalf by his son-in-law (whom the plaintiff did not identify as

a witness in response to the defendant's discovery request), in effect, that he walked past the subject sidewalk and observed black ice being exposed by the defendant's employees, was a feigned issue of fact clearly designed to defeat the defendant's motion (*see Stancil v Supermarkets Gen.*, 16 AD3d 402 [2005]; *Wilson v Prazza*, 306 AD2d 466 [2003]). Thus, the defendant's motion was properly granted (*see Ronconi v Denzel Assoc.*, 20 AD3d 559 [2005]; *Scher v Kiryas Joel Hous. Dev. Fund Co.*, 17 AD3d 660 [2005]; *Stoddard v G.E. Plastics Corp.*, 11 AD3d 862 [2004]; *Taylor v New York City Tr. Auth.*, 8 AD3d 658 [2004]; *Smelley v Ahmed*, 3 AD3d 559 [2004]). Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.