■ DEBORAH LEE-PACK, Appellant, v 1 B 105 ASSOCIATES, LLC, et al., Respondents. [814 NYS2d 275]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered March 9, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

An owner of real property, or a party in possession or control thereof, may be liable for a hazardous snow or ice condition existing on the property as a result of the natural accumulation of snow or ice only upon a showing that it had actual or constructive notice of the hazardous condition and that a sufficient period of time elapsed since the cessation of the precipitation to permit the party to remedy the condition (*see Ronconi v Denzel Assoc.*, 20 AD3d 559 [2005]; *Russo v 40 Garden St. Partners*, 6 AD3d 420 [2004]; *Gam v Pomona Professional Condominium*, 291 AD2d 372 [2002]; *McKeown v Stanan Mgt. Corp.*, 274 AD2d 460 [2000]; *Reynolds v Masonville Rod & Gun Club*, 247 AD2d 682 [1998]; *see also Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972 [1994]).

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that they lacked actual or constructive notice of the icy condition where the plaintiff fell (*see Ronconi v Denzel Assoc., supra*). Moreover, under the circumstances presented, the defendants established that a reasonably sufficient time had not elapsed after the precipitation that resulted in the icy condition ended to permit them to remedy the condition prior to the accident (*see Whitt v St. John's Episcopal Hosp.,* 258 AD2d 648 [1999]; *Urena v New York City Tr. Auth.,* 248 AD2d 377 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.