■ MOHAMMED DRISSI, Appellant, et al., Plaintiff, v KEVIN M. KELLY et al., Respondents. [817 NYS2d 461]—

Appeal from a judgment of the Supreme Court, Oneida County (John W. Grow, J.), entered July 7, 2005. The judgment granted defendants' motion for judgment as a matter of law and dismissed the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Mohammed Drissi (plaintiff) when he slipped and fell on ice in the parking lot of defendants' lumber yard. Plaintiff, the sole appellant, contends that Supreme Court erred in granting defendants' motion for judgment as a matter of law pursuant to CPLR 4401. We reject that contention. Based upon the evidence presented, there is no rational process by which the jury could have found in favor of plaintiffs on the issue of defendants' negligence (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Plaintiffs presented no evidence in support of their theory that defendants had actual or constructive notice of the allegedly hazardous condition (*see Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 660 [2000]; *Wolfson v Nevele Hotel*, 222 AD2d 881 [1995]). With respect to plaintiffs' theory that defendants had actual knowledge of a recurrent dangerous condition in the area of plaintiff's fall and thus "could be charged with constructive notice of each specific reoccurrence of the condition" (*Padula v Big V Supermarkets*, 173 AD2d 1094, 1096 [1991]; *see Hammer v KMart Corp.*, 267 AD2d 1100 [1999], *lv denied* 95 NY2d 757 [2000]; *cf. Loguidice v Fiorito*, 254 AD2d 714 [1998]), the opinion of plaintiffs' expert that ice formed in the area of plaintiff's fall as the result of the absence of gutters on one of defendants' buildings was speculative and lacking in factual foundation, and plaintiffs otherwise failed to present any evidence to support that theory (*see Orr v Spring*, 288 AD2d 663, 665 [2001]; *see also Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]). Plaintiffs also failed to present evidence in support of their alternative theory that defendants created the alleged dangerous condition based on improper snow removal by their contractor or employees (*see Carricato*, 299 AD2d at 444-445; *DeVivo v Sparago*, 287 AD2d 535, 536 [2001]). We have examined plaintiff's remaining contentions and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.