JAMES MAGUIRE, Respondent, v ALFRED G. BEYER et al., Respondents, and 108-07 72ND AVENUE TAVERN, INC., Appellant. [818 NYS2d 609]—

In an action to recover damages for personal injuries, the defendant 108-07 72nd Avenue Tavern, Inc., appeals from so much of an order of the Supreme Court, Queens County (Flug, J.),

dated August 26, 2005, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff allegedly slipped, fell, and sustained personal injuries on February 21, 2003, at approximately 1:00 A.M., while exiting a restaurant called the Irish Cottage where he and several friends and relatives had been celebrating his birthday for several hours. The plaintiff alleges in his complaint that the cause of his fall was ice on the sidewalk of the premises. The defendant 108-07 72nd Avenue Tavern, Inc. (hereinafter the defendant), which operated the Irish Cottage, moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, finding, inter alia, that triable issues of fact existed as to whether the alleged icy condition was caused by water which had dripped from an awning above the entranceway. We affirm, albeit on other grounds.

The defendant established its prima facie entitlement to summary judgment (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 326 [1986]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]). The evidence submitted by the defendant in support of the motion demonstrated that it did not create the alleged defect or have actual or constructive notice of the alleged icy condition that caused the plaintiff's fall (see *Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540, 541 [2003]; *Gam v Pomona Professional Condominium*, 291 AD2d 372 [2002]; *Altro v Wal-Mart Stores*, 282 AD2d 487, 488 [2001]). There was no proof, other than speculation and conjecture, that the alleged icy condition was caused by water drippage from the awning (see *Wilson v Prazza*, 306 AD2d 466, 467 [2003]). In opposition, the plaintiff, nonetheless, met his burden by demonstrating the existence of a triable issue of fact as to constructive notice (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Indig v Finkelstein*, 23 NY2d 728, 729 [1968]). Specifically, he submitted an affidavit from another patron of the restaurant that night who alleged that he observed icy conditions at the entranceway of the defendant's restaurant hours before the accident. Further, that patron, as well as two other restaurant patrons, alleged that the plaintiff slipped and fell upon ice at the same entranceway. One patron claimed to have actually observed the plaintiff's fall and another stated that just moments before the plaintiff fell, she also slipped and fell on a patch of ice at the same location. Triable issues of fact,

therefore, exist as to whether or not the defendant had construc-tive notice of the icy condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Bergen v Carlin*, 297 AD2d 692, 693 [2002]; *Robertson v Masiello*, 21 AD3d 1259, 1260 [2005]).

The defendant's remaining contention relating to the issue of water dripping from the awning has been rendered academic by our decision. Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.