■ MICHELLE Y. PESSIN, Appellant, v ELLEN R. GLENN et al., Respondents. [826 NYS2d 900]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated December 21, 2004, as granted those branches of the motion of the defendants Ellen R. Glenn and John J. Glenn, and the separate motion of the defendant Fiorini Landscape, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of a judgment of the same court entered February 24, 2005, as, upon the order, is in favor of the defendants and against her dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]). Justice Skelos has been substituted for former Justice Luciano (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff alleged that she slipped and fell on a patch of snow and ice on a walkway owned by the defendants Ellen R. Glenn and John J. Glenn (hereinafter collectively the landowners). The defendant Fiorini Landscape, Inc. (hereinafter Fiorini), performed snow removal services for the walkway. In support of their respective motions, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, the landowners and Fiorini submitted proof sufficient to establish their respective prima facie entitlements to judgment as a matter of law (*see Makaron v Luna Park Hous. Corp.*, 25 AD3d 770 [2006]; *Wilson v Prazza*, 306 AD2d 466 [2003]; *Tsivitis v Sivan Assoc.*, 292 AD2d 594 [2002]; *see also Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). In opposition, the plaintiff's evidence failed to raise a triable issue of fact (*see Makaron v Luna Park Hous. Corp., supra*; *Wilson v Prazza, supra*; *Tsivitis v Sivan Assoc., supra*). Thus, the Supreme Court properly granted those branches of the motions of the landowners and Fiorini which were for summary judgment dismissing the complaint insofar as asserted them. Rivera, J.P., Skelos, Lifson and Covello, JJ., concur.