■ RAE ROBINSON et al., Appellants, v TRADE LINK AMERICA et al., Respondents. [833 NYS2d 243]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dollard, J.), entered March 6, 2006, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The injured plaintiff alleged that he slipped and fell on a patch of "black ice" in the defendants' driveway. A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or construc-

tive notice thereof (*see Fahey v Serota,* 23 AD3d 335 [2005]; *Zabbia v Westwood, LLC,* 18 AD3d 542 [2005]; *Cody v DiLorenzo,* 304 AD2d 705 [2003]; *Voss v D&C Parking,* 299 AD2d 346 [2002]; *see also Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972 [1994]).

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to establish that the defendants either created the complained of condition, or had actual or constructive notice thereof (*see Simmons v Metropolitan Life Ins. Co., supra; Dwulit v Walters,* 19 AD3d 535 [2005]). Significantly, the injured plaintiff stated that he did not notice any ice in the area where he fell prior to his fall, and that he safely traversed this very area only minutes before the accident occurred. In view of this testimony, as well as the other facts and circumstances of this case, the plaintiffs' contention that the defendants had notice of the "black ice" or that said condition was the result of improper snow removal was conclusory and speculative, and thus insufficient to raise a triable issue of fact (*see Makaron v Luna Park Hous. Corp.,* 25 AD3d 770 [2006]; *Stoddard v G.E. Plastics Corp.,* 11 AD3d 862 [2004]; *Carminati v Roman Catholic Diocese of Rockville Ctr.,* 6 AD3d 481 [2004]; *Carricato v Jefferson Val. Mall Ltd. Partnership,* 299 AD2d 444 [2002]). Similarly, the conclusion reached by the plaintiffs' expert was also insufficient to raise a material issue of fact since "a close reading of the affidavit reveals that it merely addressed general conditions in the vicinity rather than the origin of the specific ice on which the plaintiff [alleges that he] fell" (*Reagan v Hartsdale Tenants Corp.,* 27 AD3d 716, 718 [2006]).

Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.