■ DEBORAH KAPLAN, Appellant, v ROBIN HABACHT DEPETRO et al., Respondents. [858 NYS2d 304]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated June 26, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she slipped and fell on a patch of black ice in the defendants' driveway. A property owner will be held liable for damages sustained in a slip-and-fall accident only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (*see Robinson v Trade Link Am.*, 39 AD3d 616 [2007]; *Zabbia v Westwood, LLC*, 18 AD3d 542 [2005]).

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall. The plaintiff failed to raise a triable issue of fact in opposition (*see DeFalco v BJ's Wholesale Club, Inc.*, 38 AD3d 824 [2007]; *Penny v Pembrook Mgt.*, 280 AD2d 590 [2001]). The plaintiff's claim that the defendants' efforts to remove the ice and snow may have created the condition was speculative and unsupported by the evidence in the record (*see Dwulit v Walters*, 19 AD3d 535 [2005]; *Wilson v Prazza*, 306 AD2d 466 [2003]).

Moreover, there was no proof to support the plaintiff's claim that the defendants had actual or constructive notice of the ice patch. General awareness that snow or ice may be present is legally insufficient to constitute notice of the particular condition that caused the plaintiff's fall (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]). Both the plaintiff and the deposed defendant testified that they did not see the patch of ice at any time before the accident. Based on this evidence, any finding as to when the ice patch developed could only be based on speculation (*see Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]; *Penny v Pembrook Mgt.*, 280 AD2d 590 [2001]). The plaintiff's affidavit in opposition to the defendants' motion for summary judgment, in which she claimed that she did not have an opportunity to look at the ground before she fell, contradicted her earlier testimony and, therefore, presented a feigned factual issue designed to defeat the defendants' motion (*see Makaron v Luna Park Hous. Corp.*, 25 AD3d 770 [2006]; *Stancil v Supermarkets Gen.*, 16 AD3d 402 [2005]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.