■ ALLEN SIMON, Appellant, v MAIMONIDES MEDICAL CENTER, Respondent. [859 NYS2d 373]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated January 3, 2006, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped and fell on a patch of black ice inside a parking garage owned by the defendant. After the plaintiff commenced the present action, the defendant moved for summary judgment dismissing the complaint on the ground that there was no evidence showing that it created or had actual or constructive notice of the hazardous condition.

"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it cre-

ated the dangerous condition which caused the accident or had actual or constructive notice thereof" (*Robinson v Trade Link Am.*, 39 AD3d 616, 616-617 [2007]). In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue as to whether the defendant either created the complained of condition, or had actual or constructive notice thereof (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972 [1994]; *Robinson v Trade Link Am.*, 39 AD3d at 617).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Lifson, J.P., Florio, Carni and Belen, JJ., concur.