McDonnell v Our Lady of Mercy R.C. Church (2022 NY Slip Op 05686)

McDonnell v Our Lady of Mercy R.C. Church

2022 NY Slip Op 05686

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-01168
 (Index No. 718905/18)

[*1]Patricia McDonnell, respondent, 
v
Our Lady of Mercy Roman Catholic Church, appellant.

Landman Corsi Ballaine & Ford, P.C., New York, NY (William G. Ballaine, Aryeh L. Roskies, and Ronald Joseph of counsel), for appellant.
Cellino Law, LLP, Melville, NY (Joshua B. Sandberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered January 14, 2021. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on ice on a sidewalk or pathway on the defendant's property. The plaintiff moved for summary judgment on the issue of liability, contending that the defendant had constructive notice of the ice condition which caused her to fall because it had actual knowledge that water pooled in the same area of the sidewalk or pathway where the plaintiff fell. In an order entered January 14, 2021, the Supreme Court granted the plaintiff's motion. The defendant appeals.
"'A property owner will be liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence'" (Steffens v Sachem Cent. Sch. Dist., 190 AD3d 1003, 1004, quoting Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778). "'A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it'" (Zimmer v County of Suffolk, 190 AD3d 898, 898, quoting Velasquez v Pro Park, Inc., 173 AD3d 1246, 1247). "Where the defendant has actual knowledge of a recurrent dangerous condition, he or she may be charged with constructive notice of each specific recurrence of it" (Mauge v Barrow St. Ale House, 70 AD3d 1016, 1016-1017). "A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Marazita v City of New York, 202 AD3d 951, 952 [internal quotation marks omitted]).
Here, the plaintiff failed to establish, prima facie, that the defendant had either actual or constructive notice of the ice condition that caused her to fall. Contrary to the conclusion of the Supreme Court, the plaintiff's submissions failed to demonstrate that her injuries were caused by a recurrent dangerous condition of which the defendant had actual notice (see Mauge v Barrow St. Ale [*2]House, 70 AD3d at 1016). The plaintiff's submissions demonstrated that the defendant had a general awareness that puddles of water formed on the portion of the sidewalk or pathway where the plaintiff fell. However, the defendant's general awareness that puddles of water formed in the precise location of the plaintiff's fall is not sufficient to impute actual or constructive notice of the specific ice condition that caused her to fall (see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; Fisher v Kasten, 124 AD3d 714, 715; Mosquera v Orin, 48 AD3d 935, 937; see also Ronconi v Denzel Assoc., 20 AD3d 559, 560). The plaintiff submitted no evidence to show that the defendant was aware that ice formed in the area of the puddled water where the plaintiff fell (see Cruz v Rampersad, 110 AD3d 669, 670). General awareness that water can turn to ice is legally insufficient to constitute constructive notice of the particular ice condition that caused the plaintiff to fall (see Ronconi v Denzel Assoc., 20 AD3d at 560). The plaintiff's submissions also failed to establish, prima facie, that the ice condition was otherwise visible and apparent, and had formed a sufficient period of time before the accident for the defendant to have discovered and remedied the condition (see Zimmer v County of Suffolk, 190 AD3d 898; Ronconi v Denzel Assoc., 20 AD3d at 560; see also Carpenter v Nigro Cos., Inc., 203 AD3d 1419; cf. Coelho v S & A Neocronon, Inc., 178 AD3d 662, 664).
Since the plaintiff failed to meet her initial burden as movant, the Supreme Court should have denied her motion for summary judgment on the issue of liability, without regard to the sufficiency of the defendant's submissions in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court