■ VICTOR G. WERNY, Appellant, v ROBERTS PLYWOOD CO., Respondent. [836 NYS2d 297]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered December 15, 2005, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

At approximately 11:00 A.M. on December 19, 2000, the plaintiff slipped and fell on a patch of ice in the defendant's parking lot, allegedly sustaining personal injuries. The plaintiff commenced the instant action against the defendant, and after issue was joined, the defendant moved for summary judgment dismissing the complaint on the ground that it lacked actual or constructive notice of the hazard. The Supreme Court granted the motion. We affirm.

The plaintiff acknowledges on appeal that he "makes no claim that [the defendant] created or had actual notice of the icy condition that caused his accident." At issue here is constructive notice. On a motion for summary judgment dismissing a complaint based on lack of constructive notice of an ice condition such as this, the defendant must submit "evidence showing that the allegedly dangerous condition existed for an insufficient length of time for [the defendant] to have discovered and remedied it" (*Raju v Cortlandt Town Ctr.,* 38 AD3d 874, 874-875 [2007]; see *Lennard v Mendik Realty Corp.,* 8 NY3d 909 [2007]; *Goldman v Waldbaum, Inc.,* 248 AD2d 436 [1998]). The defendant met that burden through the deposition testimony of its warehouse foreman that he did not see the ice patch on which the plaintiff fell on the day before the accident or on the morning of the accident before the plaintiff fell. The defendant submitted further evidence that the parking lot was otherwise

dry on the day of the accident and the area of the parking lot where the plaintiff fell was level.

The plaintiff, in opposition to the defendant's showing, failed to establish the existence of a triable issue of fact. He submitted the affidavit of a meteorologist who stated that the records of the National Weather Service indicated that on December 17, 2000, "approximately one inch of rain fell in the vicinity of the Premises," and thereafter the temperature fluctuated from below freezing to above freezing. The expert expressed the opinion that "[i]t is likely that any ice that formed as a result of . . . pooling, and which remained in shaded areas, had not yet completely melted by 11:00 A.M. on December 19, 2000." The records of the National Weather Service upon which the expert purportedly relied were not submitted with his affidavit. Under the circumstances, the expert's affidavit was conclusory and his contention that the ice formed on a level surface from "pooling" of rainfall two days earlier was speculative (*see Romeo v Ronald McDonald House*, 25 AD3d 681, 682 [2006]; *McCord v Olympia & York Maiden Lane Co.*, 8 AD3d 634, 636 [2004]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.