■ KATHERINE WYLIE et al., Appellants, v BROOKS/ECKERD PHARMACY et al., Respondents. [855 NYS2d 180]—

The plaintiff Katherine Wylie (hereinafter the plaintiff) allegedly was injured when she slipped and fell on ice on a sidewalk adjacent to the premises leased and operated by the defendant Brooks/Eckerd Pharmacy (hereinafter Eckerd) and owned by the defendant Mid-State Management Corp. (hereinafter Mid-State). The plaintiff and her husband commenced this action against Eckerd and Mid-State. In the order appealed from, the Supreme Court, inter alia, granted those branches of Eckerd's motion and Mid-State's cross motion which were for summary judgment dismissing the complaint insofar as asserted against them. We affirm the order insofar as appealed from.

Eckerd and Mid-State established their prima facie entitlement to summary judgment by demonstrating that they neither created nor had actual or constructive notice of the alleged icy condition that caused the plaintiff's fall (*see Voss v D&C Parking*, 299 AD2d 346 [2002]; *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]; *DeVivo v Sparago*, 287 AD2d 535 [2001]). The evidence showed, among other things, that the subject accident occurred at 9:15 A.M., approximately one hour after the store opened, and that the store manager had not previously observed any ice on the sidewalk. Moreover, the defendants tendered meteorological evidence showing that, on the day before the accident, the weather had been rainy and mild. In fact, the temperature remained above freezing until approximately 6:00 A.M. on the morning of the accident. Consequently, Eckerd and Mid-State established, prima facie, that the alleged icy condition had not existed for a sufficient length of time such that they should be charged with notice of it.

In opposition, the plaintiffs failed to raise a triable issue of fact. Their contention that the ice was a long-standing condition that should have been readily observed by the store's employees

prior to opening was purely speculative and, therefore, insufficient to raise a triable issue of fact (*see Bonney v City of New York,* 41 AD3d 404 [2007]; *Katz v Pathmark Stores, Inc.,* 19 AD3d 371, 372 [2005]; *Carricato v Jefferson Val. Mall Ltd. Partnership,* 299 AD2d at 444-445). Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint against the defendants.

In light of our determination, we need not address the defendants' remaining contentions. Skelos, J.P., Fisher, Covello and Eng, JJ., concur.