■ Dwight Christal et al., Appellants, v Ramapo Cirque Homeowners Assoc. et al., Respondents. [857 NYS2d 729]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated April 18, 2007, as granted those branches of the motion of the defendants Ramapo Cirque Homeowners Assoc. and Arco/Wentworth Management Co. and the cross motion of the defendant Grasskeepers Landscaping, Inc.,which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the patch of "black ice" on which the plaintiff Dwight Christal allegedly slipped and fell (*see Robinson v Trade Link Am.*, 39 AD3d 616, 616-617 [2007]; *Makaron v Luna Park Hous. Corp.*, 25 AD3d 770 [2006]; *Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540 [2003]). In response, the plaintiffs failed to raise a triable issue of fact as to whether the ice was the result of improper snow removal (*see*

*Robinson v Trade Link Am.,* 39 AD3d at 617; *Zabbia v Westwood, LLC,* 18 AD3d 542, 544 [2005]; *Ravina v Incorporated Town of Greenburgh,* 6 AD3d 688, 689 [2004]). Additionally, the plaintiffs presented no evidence that the defendants had received any complaints about the ice patch, or that it was visible and apparent and had existed for a sufficient length of time before the accident for the defendants to discover and remedy it (*see Gjoni v 108 Rego Devs. Corp.,* 48 AD3d 514 [2008]; *Murphy v 136 N. Blvd. Assoc.,* 304 AD2d at 540-541). Accordingly, the Supreme Court properly granted those branches of the defendants' motion and cross motion which were for summary judgment dismissing the complaint insofar as asserted against them (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.