■ RICHARD MORELLI et al., Respondents, v CON EDISON, Defendant and Third-Party Plaintiff-Respondent, DOUBLE A CON-

TRACTING INC. et al., Respondents, and BIBEAU CONSTRUCTION Co., INC., Defendant and Third-Party Defendant and Second Third-Party Plaintiff-Appellant. THREE D COMMERCIAL SERVICE CORP. et al., Second Third-Party Defendants-Respondents. (And Another Title.) [866 NYS2d 730]—

In an action to recover damages for personal injuries, etc., the defendant and third-party defendant/second third-party plaintiff, Bibeau Construction Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered August 27, 2007, as denied its motion for summary judgment dismissing the complaint and all third-party claims and cross claims insofar as asserted against it, and granted the separate cross motions of the second third-party defendants Three D Commercial Service Corp. and Three D Industrial Maintenance Corp. which were for summary judgment dismissing the second third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On February 4, 2004, the plaintiff Richard Morelli (hereinafter the injured plaintiff) allegedly slipped and fell on a patch of black ice in the parking lot of the Crossroads Plaza Shopping Center (hereinafter the Plaza) near Route 119 in White Plains. The injured plaintiff and his wife (hereinafter together the plaintiffs) brought this action against, among others, the defendant third-party defendant/second third-party plaintiff-appellant, Bibeau Construction Co., Inc. (hereinafter Bibeau), alleging that it clogged a drain in the parking lot at the Plaza with debris from an excavation project on Route 119, causing water to build up on the ground and turn to ice.

Bibeau then commenced a second third-party action against the second third-party defendants, the maintenance companies responsible for cleaning and snow removal at the site. The Supreme Court denied Bibeau's motion for summary judgment dismissing the complaint and all third-party claims and cross

claims insofar as asserted against it, and granted the separate cross motions of the second third-party defendants for summary judgment dismissing the second third-party complaint. We affirm.

Bibeau established, prima facie, that it did not create the alleged dangerous condition that caused the accident by demonstrating that it did not perform any work in the Plaza (*see Selby v City of New York*, 34 AD3d 440 [2006]; *Kruszka v City of New York*, 29 AD3d 742, 743-744 [2006]; *Shvartsberg v City of New York*, 19 AD3d 578, 578 [2005]; *Stoddard v G.E. Plastics Corp.*, 11 AD3d 862, 863 [2004]). However, in opposition, the plaintiffs raised a triable issue of fact with evidence that, inter alia, Bibeau's construction equipment was not only stored in the Plaza's parking lot, but was seen dragging or pushing debris over the subject drain. Accordingly, Bibeau's motion was properly denied.

Furthermore, the second third-party defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the alleged icy condition at the premises (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973 [1994]; *Wylie v Brooks/Eckerd Pharmacy*, 49 AD3d 533, 534 [2008]; *Voss v D&C Parking*, 299 AD2d 346 [2002]). In opposition, Bibeau failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the separate cross motions for summary judgment dismissing the second third-party complaint.

The parties' remaining contentions need not be reached in light of our determination. Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.