■ JENNIFER AURILIA, Appellant, v EMPIRE REALTY ASSOCIATES, Respondent. [873 NYS2d 103]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated October 9, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a patch of ice on a handicap access pedestrian ramp which led to a parking lot of a shopping center owned by the defendant. The plaintiff walked down the ramp and then walked back up the ramp soon thereafter, and fell. She did not see the "clear" ice at any time before she fell. Snow had fallen approximately eight days before the accident, and the temperature fluctuated between measurements both above and below the freezing point in the days following the snowfall.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the ice that allegedly caused the plaintiff to fall. The plaintiff failed to raise a triable issue of fact in opposition (*see Kaplan v DePetro,* 51 AD3d 730, 731 [2008]; *DeFalco v BJ's Wholesale Club, Inc.,* 38 AD3d 824 [2007]).

Under the circumstances, it would be speculative to assume that even if the icy condition were the result of residual moisture left by the snow that fell eight days before the accident, the ice itself had been there for a sufficient period of time to give the defendant constructive notice of that condition (*see Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972 [1994]; *Christal v Ramapo Cirque Homeowners Assoc.,* 51 AD3d 846 [2008]; *Bonney v City of New York,* 41 AD3d 404 [2007]; *Robinson v Trade Link Am.,* 39 AD3d 616 [2007]; *DeVivo v Sparago,* 287 AD2d 535 [2001]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.