■ EDWARD SIMON, Appellant, v PABR ASSOCIATES, LLC, Respondent. [877 NYS2d 356]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated January 14, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when he slipped and fell on ice in front of a wheelchair ramp in the parking lot adjacent to the building where he was employed. The premises were owned by the defendant. The plaintiff had arrived at work approximately 10 minutes prior to his accident and had traversed, without incident, the same area of the parking lot where he subsequently fell. When he first traversed that area, the plaintiff did not observe any snowy or icy condition. While he was on the ground following his accident, he first noticed that it was wet and slippery, and he felt ice with his hand. The plaintiff also testified that there had been a snowstorm earlier in the week, and although he did not observe any sand or salt in the parking lot, the lot was clear where the cars drove and snow was piled up along the sides of the lot.

Based upon the foregoing deposition testimony, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the ice that allegedly caused the plaintiff to fall (*see Aurilia v Empire Realty Assoc.*, 58 AD3d 773 [2009]; *Kaplan v DePetro*, 51 AD3d 730, 731 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Aurilia v Empire Realty Assoc.*, 58 AD3d 773 [2009]; *Kaplan v DePetro*, 51 AD3d at 731).

The plaintiff's claims that an icy condition was caused by melting snow leaking from a canopy hanging over the entranceway to the building, or from the melting and refreezing of snow from the prior snowstorm, was based on pure speculation and conjecture (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 974 [1994]; *Aurilia v Empire Realty Assoc.*, 58 AD3d 773 [2009]; *Christal v Ramapo Cirque Homeowners Assoc.*, 51 AD3d 846, 846-847 [2008]; *Bonney v City of New York*, 41 AD3d 404 [2007]; *Robinson v Trade Link Am.*, 39 AD3d 616, 617 [2007];

*DeVivo v Sparago*, 287 AD2d 535 [2001]). Therefore, any finding as to when the alleged icy condition developed and whether it existed for a sufficient amount of time to have provided constructive notice and a reasonable time to remedy it could only be based on speculation (*see DeVivo v Sparago*, 287 AD2d 535 [2001]; *Penny v Pembrook Mgt.*, 280 AD2d 590, 590-591 [2001]). Thus, the plaintiff's claims were insufficient to defeat the motion for summary judgment.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Santucci, Dickerson and Eng, JJ., concur. [*See* 18 Misc 3d 1117(A), 2008 NY Slip Op 50105(U).]