In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 28, 2010, which granted the defendants’ motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated September 27, 2011, as, upon renewal, adhered to so much of the original determination in the order dated October 28, 2010, as granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e.
Ordered that the appeal from so much of the order dated October 28, 2010, as granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e is dismissed, as that portion of the order was superseded by the order dated September 27, 2011, made upon renewal; and it is further,
Ordered that the order dated October 28, 2010, is affirmed insofar as reviewed; and it is further,
Ordered that the order dated September 27, 2011, is affirmed insofar as appealed from, and it is further,
Ordered that one bill of costs is awarded to the defendants.
The plaintiff, a police officer employed by the Incorporated Village of Oyster Bay Cove Police Department, was responding to the scene of a possible burglary when he slipped and fell on a patch of clear and thin ice on the exterior step of the defendants’ residence. The plaintiff commenced this action against the defendants alleging causes of action based on common-law negligence and General Municipal Law § 205-e. The Supreme Court granted the defendants’ motion for summary judgment dismissing the complaint. Upon renewal, the Supreme Court adhered to so much of the original determination as granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action based on General Municipal Law § 205-e.
*1299 With respect to the cause of action alleging common-law negligence, the defendants established their entitlement to judgment as a matter of law by demonstrating that they did not create or have actual or constructive notice of the alleged thin and clear patch of ice which caused the plaintiff to fall (see Werny v Roberts Plywood Co., 40 AD3d 977 [2007]; see also Cantwell v Fox Hill Community Assn., Inc., 87 AD3d 1106 [2011]; Aurilia v Empire Realty Assoc., 58 AD3d 773 [2009]; Christal v Ramapo Cirque Homeowners Assoc., 51 AD3d 846 [2008]). The defendant Sandra Doria testified at her deposition that she did not see any ice on the ground when she traversed the subject step a few hours prior to the plaintiffs accident. In opposition, the plaintiff failed to raise a triable issue of fact (see Werny v Roberts Plywood Co., 40 AD3d 977 [2007]; Carricato v Jefferson Val. Mall Ltd. Partnership, 299 AD2d 444 [2002]). Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action based on common-law negligence.
With respect to the cause of action to recover damages pursuant to General Municipal Law § 205-e, in response to the defendants’ demonstration of their entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether he was injured as a result of any negligence of the defendants in failing to comply with the Village of Oyster Bay Cove Code § 211-4 (A) (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, upon renewal, the Supreme Court properly adhered to so much of the original determination as granted that branch of the defendants’ motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e. Balkin, J.E, Leventhal, Hall and Cohen, JJ., concur.