■ Shirl Mayo, Appellant, v Cedar Manor Mutual Housing Corporation, Respondent. [946 NYS2d 486]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated March 2, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall (*see Spinoccia v Fairfield Bellmore Ave., LLC*, 95 AD3d 993 [2d Dept 2012]; *Christal v Ramapo Cirque Homeowners Assoc.*, 51 AD3d 846, 846-847 [2008]).

In opposition, the plaintiff failed to raise a triable issue of

fact. The plaintiff's contentions as to when and how the patch of ice was formed were based on speculation and conjecture (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973-974 [1994]; *Simon v PABR Assoc., LLC*, 61 AD3d 663, 664 [2009]; *DeVito v Harrison House Assoc.*, 41 AD3d 420, 421 [2007]; *cf. San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 115 [2010]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Florio, Lott and Miller, JJ., concur.