■ WAYNE HABERMAN, Appellant, v JACK MEYER et al., Respondents. [993 NYS2d 80]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Weiss, J.), dated September 13, 2012, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) an order of the same court dated April 22, 2013, which denied his motion, denominated as one for leave to renew his opposition to the defendants' motion for summary judgment dismissing the complaint, but treated as one for leave to reargue.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff, a home health aide caring for the defendants' decedent, allegedly sustained serious injuries when he slipped on a patch of black ice in the decedent's carport on his way to dispose of a bag of recyclables.

"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (*Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d 777, 778 [2013]; *see Cruz v Rampersad*, 110 AD3d 669 [2013]; *Olivieri v GM Realty Co., LLC*, 37 AD3d 569 [2007]). To establish their prima facie entitlement to judgment as a matter of law, the defendants were required to establish that they neither created nor had actual or constructive notice of the ice that allegedly caused the plaintiff to fall (*see Sweeney v Doria*, 95 AD3d 1298, 1299 [2012]; *Simon v PABR Assoc., LLC*, 61 AD3d 663, 664 [2009]; *Aurilia v Empire Realty Assoc.*, 58 AD3d 773, 774 [2009]; *Olivieri v GM Realty Co., LLC*, 37 AD3d at 569).

Here, the defendants met their prima facie burden by submitting the deposition testimony of the plaintiff, in which he stated, inter alia, that he had been working for the defendants' decedent at the premises five days a week for three months prior to the accident, from 9:00 or 10:00 a.m. to 4:00 p.m., had taken the same path along the side of the car in the covered

carport to throw out the recyclables at least 10 times during that three-month period, did not notice any ice or snow or accumulation of water in that area of the carport during that period or on the day of the accident, and that he did not see the ice on which he slipped, which he described as being clear, until after he fell. Thus, the defendants demonstrated, prima facie, that they neither created nor had actual or constructive notice of the ice that allegedly caused the plaintiff to fall (*see Simon v PABR Assoc., LLC*, 61 AD3d at 664; *see Werny v Roberts Plywood Co.*, 40 AD3d 977 [2007]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). The Supreme Court correctly concluded that the affidavit and site plan of the plaintiff's expert failed to establish that any pooling condition allegedly created by the decedent caused the ice to form where the plaintiff slipped and fell.

Contrary to the plaintiff's contention, he was not unfairly prejudiced by the Supreme Court's refusal to consider his improper surreply affirmation (*see* CPLR 2214; *Graffeo v Paciello*, 46 AD3d 613 [2007]; *Mu Ying Zhu v Zhi Rong Lin*, 1 AD3d 416, 417 [2003]).

While the plaintiff correctly denominated his motion as one for leave to renew, as opposed to leave to reargue, the facts set forth in support of renewal were available to the plaintiff at the time he opposed the defendants' motion for summary judgment, and he failed to demonstrate a reasonable justification for failing to submit such facts on the prior motion (*see* CPLR 2221 [e] [2], [3]; *Okumus v Living Room Steak House, Inc.*, 112 AD3d 799, 800 [2013]; *Deutsche Bank Natl. Trust Co. v Wilkins*, 97 AD3d 527, 528-529 [2012]; *Sobin v Tylutki*, 59 AD3d 701, 702 [2009]; *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]). Accordingly, the plaintiff's motion for leave to renew his opposition to the defendants' motion for summary judgment dismissing the complaint was properly denied. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.