WINIFRED BUTLER, Appellant, v ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, Defendant, and ST. THOMAS APOSTLE ROMAN CATHOLIC CHURCH, WEST HEMPSTEAD, Respondent. [1 NYS3d 130]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered March 20, 2013, which granted the motion of the defendant St. Thomas Apostle Roman Catholic Church, West Hempstead, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she slipped and fell on a patch of ice on a walkway after leaving the defendant St. Thomas Apostle Roman Catholic Church, West Hempstead (hereinafter the church), at approximately 6:00 p.m. on February 19, 2011. The plaintiff had traversed the walkway when going into the church without any difficulty and without seeing any snow. She did not know where she was looking when the accident occurred, had no recollection of her foot slipping, and only concluded that she had slipped on ice because she heard an unidentified person say that. An individual who had been walking with the plaintiff, but who did not actually see the plaintiff fall, testified that there was some black ice in the dirt in the bushes lining the walkway, but that the walkway had been shoveled. Two other individuals who came out of the church to help the plaintiff also testified that the walkway was clear of snow and ice. Moreover, meteorological records showed that temperatures had remained above the freezing mark for about three days before the accident and had not fallen below freezing until approximately 5:45 p.m. on the day of the accident.

The church established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall (*see Haberman v Meyer*,

120 AD3d 1301 [2014]; *Simon v PABR Assoc., LLC*, 61 AD3d 663 [2009]; *Kaplan v DePetro*, 51 AD3d 730 [2008]; *Robinson v Trade Link Am.*, 39 AD3d 616 [2007]; *Dwulit v Walters*, 19 AD3d 535 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions and the opinions of her experts as to when and how the alleged patch of ice was formed were based on speculation and conjecture (*see Spinoccia v Fairfield Bellmore Ave., LLC*, 95 AD3d 993 [2012]; *Simon v PABR Assoc., LLC*, 61 AD3d at 663; *Wylie v Brooks/Eckerd Pharmacy*, 49 AD3d 533 [2008]).

Accordingly, the Supreme Court properly granted the church's motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.