Yvars v Marble Hgts. of Westchester, Inc. (2018 NY Slip Op 01352)





Yvars v Marble Hgts. of Westchester, Inc.


2018 NY Slip Op 01352


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-06974
 (Index No. 59412/13)

[*1]Pamela Yvars, appellant, 
v
Marble Heights of Westchester, Inc., et al., respondents.


Vozza & Huguenot (Diamond & Diamond, LLC, Brooklyn, NY [Stuart Diamond], of counsel), for appellant.
Robert A. Peirce, White Plains, NY (Julie Mer of counsel), for respondent Marble Heights of Westchester, Inc.
Thomas K. Moore (Andrea G. Sawyers, Melville, NY [Jennifer M. Belk], of counsel), for respondent Sal Gentile Landscaping, LLC.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated June 21, 2016, as granted those branches of the separate motions of the defendant Marble Heights of Westchester, Inc., and the defendant Sal Gentile Landscaping, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Sal Gentile Landscaping, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Sal Gentile Landscaping, LLC, and one bill of costs to the defendant Marble Heights of Westchester, Inc., payable by the plaintiff.
The plaintiff allegedly was injured when she slipped and fell on a patch of ice in her condominium complex. The plaintiff commenced this action to recover damages for her personal injuries against Marble Heights of Westchester, Inc. (hereinafter Marble Heights), the homeowners association for the complex, and Sal Gentile Landscaping, LLC (hereinafter Gentile), the snow removal contractor hired by Marble Heights to plow and salt the premises. After the completion of discovery, Gentile and Marble Heights separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the motions, and the plaintiff appeals.
"A limited contractual undertaking to provide snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties" (Baratta v Home Depot USA, 303 AD2d 434, 434). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the [*2]performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [internal quotation marks and citations omitted]).
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Knox v Sodexho Am., LLC, 93 AD3d 642). Here, Gentile did not dispute that the pleadings sufficiently alleged facts which would establish that it had exacerbated the icy conditions in attempting to clear the area of snow where the plaintiff fell, thereby launching a force or instrument of harm (see Santos v Deanco Servs., Inc., 104 AD3d 933, 934), and it submitted evidence which it contended demonstrated that Gentile did not launch a force or instrument of harm.
Although Gentile submitted the deposition testimony of its owner, Sal Gentile, as to his typical snow removal practices at the Marble Heights complex, Gentile submitted no evidence concerning snow removal efforts for the snowfall which preceded the plaintiff's accident. Therefore, Gentile did not affirmatively establish that it did not launch a force or instrument of harm (see id. at 934; Rubistello v Bartolini Landscaping, Inc., 87 AD3d 1003, 1005). Since Gentile failed to make the requisite showing, the sufficiency of the plaintiff's papers in opposition need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Accordingly, that branch of Gentile's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied.
The Supreme Court, however, properly granted that branch of Marble Heights' motion which was for summary judgment dismissing the complaint insofar as asserted against it. Contrary to the plaintiff's assertion, Marble Heights demonstrated that it lacked actual or constructive notice of the black ice condition upon which the plaintiff allegedly slipped (see Christal v Ramapo Cirque Homeowners Assoc., 51 AD3d 846; Robinson v Trade Link Am., 39 AD3d 616, 616-617). In opposition to Marble Heights' demonstration of its prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068).
BALKIN, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court