Elassad v Nastasi (2018 NY Slip Op 07092)





Elassad v Nastasi


2018 NY Slip Op 07092


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-04532
 (Index No. 501992/16)

[*1]Nancy Elassad, appellant, 
v
Joseph Nastasi, et al., respondents.


Max D. Leifer, P.C., New York, NY, for appellant.
Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen Rothenberg, J.), dated May 4, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 27, 2016, the plaintiff allegedly was injured when she slipped and fell on ice in front of a three-family home owned by the defendants where she resided as a tenant. Thereafter, the plaintiff commenced this action against the defendants alleging negligent maintenance of the premises. After discovery was conducted, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
In general, a property owner will be held liable for a slip-and-fall accident involving ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (see Bader v River Edge at Hastings Owners Corp., 159 AD3d 780, 780; Haberman v Meyer, 120 AD3d 1301; Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778). To establish their prima facie entitlement to judgment as a matter of law, the defendants were required to demonstrate that they neither created nor had actual or constructive notice of the ice condition that allegedly caused the plaintiff to fall (see Haberman v Meyer, 120 AD3d at 1301; Flores v BAJ Holding Corp., 94 AD3d 945, 946).
Here, the defendants met their prima facie burden by submitting, inter alia, a transcript of the plaintiff's deposition testimony, wherein she testified that she did not see the ice on which she slipped, which she described as "black ice," "very fine," and without color. She further testified that the path on which she was walking prior to her fall was clear of snow and that she did not see any ice. In addition, the certified weather data submitted by the defendants indicated that the temperature on January 27, 2016, remained above freezing. This evidence demonstrated, prima facie, that the defendants neither created nor had actual or constructive notice of the ice that allegedly caused the plaintiff to fall (see Haberman v Meyer, 120 AD3d 1301; Simon v PABR Assoc., LLC, 61 AD3d 663, 664).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that the alleged ice condition formed as a result of the defendants' negligent snow removal efforts, or existed for a sufficient amount of time to have provided constructive notice and a reasonable time to remedy the condition, were speculative (see Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993, 994; DeVivo v Sparago, 287 AD2d 535).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court