Elizee v Village of Amityville (2019 NY Slip Op 03766)





Elizee v Village of Amityville


2019 NY Slip Op 03766


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-12277
 (Index No. 66673/14)

[*1]Yvane Elizee, appellant, 
v
Village of Amityville, defendant, 140A Realty, LLC, respondent.


Parker Waichman LLP, Port Washington, NY (Jay L.T. Breakstone and Stephenie L. Bross of counsel), for appellant.
Stewart H. Friedman, New York, NY (Inez-Mary Beyrer and Robert Horvat of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated October 12, 2017. The order granted the motion of the defendant 140A Realty, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On January 10, 2014, at approximately 9:30 a.m., the plaintiff allegedly slipped and fell on ice on the sidewalk in front of 140A Broadway in Amityville. At the time of the accident, the plaintiff owned and resided in the building next door, located at 140 Broadway, and the defendant 140A Realty, LLC (hereinafter 140A Realty), owned the building located at 140A Broadway.
The plaintiff commenced this action against 140A Realty and the defendant Village of Amityville to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, failing to remove ice from the sidewalk. 140A Realty moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.
In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (see Elassad v Nastasi, 165 AD3d 1040, 1040; Castillo v Silvercrest, 134 AD3d 977; Smith v New York City Hous. Auth., 124 AD3d 625; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1334; Haberman v Meyer, 120 AD3d 1301). In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous condition nor had actual or constructive notice of its existence (see Martino v Patmar Props., Inc., 123 AD3d 890; Kruger v Donzelli Realty Corp., 111 AD3d 897; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839; Meyers v Big Six Towers, Inc., 85 AD3d 877; Bravo v 564 Seneca Ave. Corp., 83 AD3d 633, 634; Bloomfield v Jericho Union Free School Dist., 80 AD3d 637, 638; Pryzywalny v New York City Tr. Auth., 69 [*2]AD3d 598, 598).
140A Realty demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The evidence submitted by 140A Realty in support of its motion established that the sidewalk was clear of snow and that there were no snow piles at the time of the accident; the sidewalk had not been slippery when an individual employed at 140A Realty's premises arrived for work approximately 30 minutes prior to the accident, but was slippery at the time of the accident; and the ice on which the plaintiff allegedly slipped was not visible at the time she fell. This evidence demonstrated, prima facie, that 140A Realty neither created nor had actual or constructive notice of the ice that allegedly caused the plaintiff to fall (see Elassad v Nastasi, 165 AD3d at 1041; Haberman v Meyer, 120 AD3d 1301; Simon v PABR Assoc., LLC, 61 AD3d 663, 664).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the icy condition resulted from prior precipitation (see Talamas v Metropolitan Transp. Auth., 120 AD3d at 1335; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 839; DeVito v Harrison House Assoc., 41 AD3d 420; Small v Coney Is. Site 4A-1 Houses, Inc., 28 AD3d 741) so as to give 140A Realty constructive notice of the subject condition. Although the plaintiff's meteorologist theorized that the ice on which the plaintiff slipped and fell resulted from a "flash freeze" that occurred four days before the accident, the plaintiff's own deposition testimony demonstrated that on the day before the subject accident, there was no ice condition in the spot where she fell.
Accordingly, we agree with the Supreme Court's determination granting the motion of 140A Realty for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court