McBride v City of New York (2022 NY Slip Op 04908)

McBride v City of New York

2022 NY Slip Op 04908

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-09717
 (Index No. 6477/17)

[*1]Patrick McBride, appellant, 
v
City of New York, respondent. 

Jonah Grossman, Jamaica, NY (Lawrence B. Lame of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Kevin Osowski of counsel; Christina Giordanella on the brief), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 3, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On March 17, 2017, the plaintiff allegedly slipped and fell on ice on a sidewalk at the northwest corner of 43rd Street and Greenpoint Avenue in Queens. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries allegedly sustained in the fall. The plaintiff moved for summary judgment on the issue of liability, contending that the defendant created the icy condition that caused him to fall and had actual and constructive notice of its existence. In an order entered June 3, 2019, the Supreme Court denied the motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). Here, the plaintiff failed to establish, prima facie, that the defendant created the icy condition that caused him to fall or that the defendant had actual or constructive notice of its existence. Although snow fell approximately three days prior to the incident, the temperatures rose above freezing in the intervening time, and the plaintiff failed to demonstrate, prima facie, that the icy condition that caused him to slip was longstanding and the product of residual snow that the defendant left behind after negligently plowing the sidewalk (see Aurilia v Empire Realty Assoc., 58 AD3d 773, 774; Wylie v Brooks/Eckerd Pharmacy, 49 AD3d 533, 534; Bonney v City of New York, 41 AD3d 404). Since the plaintiff failed to meet his initial burden as the movant, the burden never shifted to the defendant to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability.
We decline the defendant's request to search the record and award it summary [*2]judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court